IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES CROSS, JR. : | |
| : | |
| **Plaintiff** : | |
| : | NO. 7:13-CV-0144-HL-TQL |
| VS. : | |
| : | |
| UNKNOWN DEFENDANT, et. al. : | |
| : | |
| **Defendants** : | |

### ORDER

Plaintiff James Cross, Jr., a state inmate currently confined at the Jenkins Correctional Center, in Millen Georgia, filed this *pro se* civil rights complaint under 42 U.S.C. §1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). The Court has now conducted this review and finds that the Complaint (Doc. 4) fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1); and his Motion to Proceed *in forma pauperis* (Doc. 3) is **GRANTED** only for the purpose of this dismissal.

### STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the

1

court.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

A § 1983 claim requires that a prisoner allege facts suggesting that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy

these requirements, or fails to provide factual allegations in support of his claim or claims, his complaint shall be dismissed.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

This action arises out of Plaintiff's transfer to the Valdosta State Prison and an alleged use of excessive force thereafter.  In his Complaint, Plaintiff alleges that, while housed at Transitional Center in Valdosta, Georgia, Defendants Sergeant Moore and Chief Hall harshly questioned and wrongly accused him of drug possession.  Defendants then accused Plaintiff being insubordinate and ordered his transfer back to Valdosta State Prison.  Later, Plaintiff was harshly questioned by "CERT Team" officers, stripped, and transported to the prison.  Once there, Plaintiff was "harshly" ordered exit the van and taken to a shower where he was beaten by unidentified officers for approximately forty-five minutes.  Officials then placed Plaintiff in isolation for thirty days.

The Court accepts Plaintiff's allegations as true and has liberally construed his Complaint, as is required at this stage.  See Brown, 387 F.3d at 1347.  The allegations in Plaintiff's Complaint, however, still fail to state a cognizable §1983 claim.

Plaintiff's allegations, even if true, do not show that the named defendants engaged in conduct that is considered unconstitutional.  Inherent in the protection afforded by the Eighth Amendment is the principle that "not every malevolent [action] by a prison guard gives rise to a federal cause of action."  Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156

(1992). Even if it may later seem unnecessary in the peace of a judge's chambers, mere harsh or unkind treatment by prison guards does not violate an inmate's constitutional rights. See id. at 9.

In this case, Plaintiff alleges that he was detained and harshly questioned by Defendants Moore and Hall. Though Plaintiff may have felt that this treatment was unkind and maybe unwarranted, the treatment alleged was not unconstitutional. The Constitution does not protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Thus, an allegation of "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008). Also, even if unwarranted, Defendants' alleged accusations and eventual order to transfer Plaintiff back to Valdosta State Prison was not unconstitutional. Prisoners have neither a constitutionally guaranteed immunity from being falsely accused of conduct, nor a constitutional right to remain in a particular institution. See Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986), cert. denied, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988) (regarding false accusation); Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (regarding transfers).

Although Plaintiff may have described unconstitutional conduct by prison guards at Valdosta State Prison, the Complaint does not connect any of the named defendants to the alleged violation. Plaintiff also cannot proceed with a claim against the unidentified officers involved without providing a description sufficient to identify those officers so that process can be served. See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Furthermore, Defendant Warden Taylor cannot be held responsible for these officers alleged conduct on a theory of respondeat superior. See Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely

4

rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and alteration omitted).  To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  Plaintiff has not made any such allegations.   He has in fact made no allegations against Warden Taylor.

To the extent that Plaintiff may have attempted to include a claim for denial of medical care in his Complaint, he has also failed.   Again, the Complaint fails to connect any named defendant to the alleged denial.

For these reasons, Plaintiff's Complaint shall be **DISMISSED** without prejudice for failure to state a claim. See 28 U.S.C. §1915A(b).

**SO ORDERED** this 31st day of October, 2013.

*s/ Hugh Lawson*
Hugh Lawson, Judge
UNITED STATES DISTRICT COURT

jlr